J. Steve Mostyn, TX SBN 00798389
jsmostyn@mostynlaw.com
Mark Sparks, SBN 296304
mark@mostynlaw.com
**THE MOSTYN LAW FIRM**
3810 W. Alabama Street
Houston, TX  77027
Tel.:   713-861-6616
Fax:   713-861-8084

**[Additional Attorneys Listed on Signature Page]**

**Attorneys for Plaintiffs**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NICOLE DALE,<br><br>                  Plaintiff,<br><br>vs.<br><br><br>BOSTON SCIENTIFIC CORPORATION,<br><br>                  Defendant, | CASE NO. 2:15-cv-06781-PSG-AJR<br>[Assigned to Hon. Philip S. Gutierrez]<br><br>**NOTICE OF MOTION AND MOTION TO REMAND AND REQUEST FOR EXPEDITED CONSIDERATION AND MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER**<br><br>[Filed concurrently with Motion and [Proposed] Order]<br><br>DATE:        November 9, 2015<br>TIME:         1:30 p.m.<br>CTRM.:       880<br>JUDGE:      Hon. Philip S. Gutierrez |

**TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Monday, November 9, 2015, at 1:30 p.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Philip S. Gutierrez, United States District Court, Central District of California, Western Division, Plaintiff will and hereby does move the Court for an Order remanding this action to the Superior Court of California, County of Los Angeles.

This is the second time that this case has been improperly removed in what has become a persistent campaign to force Plaintiff to pursue their claims in a West Virginia federal Court.  Judge Beverly Reid O'Connell previously remanded this case the last time it was removed more than two years ago.  This Court should once again remand it on an expedited basis because:

1. The long-standing "voluntary/involuntary" rule supports an immediate remand since BSC's singular supposed basis for federal jurisdiction stems not from a voluntary act of Plaintiff, but from an opposed state court order severing Plaintiffs' claims;

2. BSC's removal is untimely pursuant to 28 U.S.C. § 1446(c) because it was filed more than one year after the commencement of this case;

3. BSC cannot demonstrate by a preponderance of the evidence that Plaintiff acted in bad faith in order to prevent it from removing the action within the one-year time limit imposed by 28 U.S.C. § 1446(c)(1).  In fact, this case was previously removed and it was appropriately remanded then, as it should be now; and

4. Absent expedited consideration, the case will be transferred to the federal MDL in West Virginia where Plaintiff will go to the "back of the line" in having her claims adjudicated.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 1, 2015, and is based upon this Notice of Motion, the attached Memorandum of Points and Authorities in support thereof, the attached

MOTION TO REMAND

Declaration, the pleadings and papers on file in this action, and such oral and documentary evidence as may be presented at the hearing on this motion.

DATED: September 10, 2015     Respectfully submitted,

By:   */s/ Mark Sparks*
**THE MOSTYN LAW FIRM**
J. Steve Mostyn
Mark Sparks

**KIESEL LAW LLP**
Paul R. Kiesel
Helen Zukin
Melanie Palmer

**ARNOLD & ITKIN, LLP**
Kurt B. Arnold
Jason A. Itkin
Noah M. Wexler
Caj D. Boatright

*Attorneys for Plaintiff*

MOTION TO REMAND

# **<u>TABLE OF CONTENTS</u>**

**I.    INTRODUCTION** ................................................................4

**II.    FACTUAL BACKGROUND AND
PROCEDURAL HISTORY** .................................................4

**III.    ARGUMENTS** ..............................................................9

     A.    The State Court's severance order does not
provide a basis for BSC's untimely removal
because it does not constitute a "voluntary" action
by the Plaintiff................................................................11

     B.    BSC's removal is untimely pursuant to
28 U.S.C § 1446(c) ....................................................12

     C.    BSC attempt to circumvent 28 U.S.C. 1446(c)
should be rejected.........................................…...14

       1.   BSC's contention that 1446(c) is
Inapplicable is baseless ......................................14

       2.   BSC's contention that Plaintiff's claims
"commenced" when the severance order
was issued instead of when the case was
filed has no basis in law or fact...........................15

       3.   There is no evidence that Plaintiff acted
in bad faith to prevent removal; in fact,
all relevant evidence proves the opposite ............17

**IV.    CONCLUSION**.............................................................20

MOTION TO REMAND

1

## __TABLE OF AUTHORITIES__

2

## __CASES__

3

4

*Abrego Abrego v. The Dow Chemical Co.*,
    443 F.3d 676 (9th Cir. 2006)................................................................10

5

6

*Alabama Great Southern Ry. Co. v. Thompson*,
    200 U.S. 206 (26 S.Ct. 161, 50 L.Ed. 441) ........................................11

7

8

*American Car & Foundry Co. v. Kettelhake*,
    236 U.S. 311 (35 S.Ct. 355, 59 L.Ed. 594) ..................................11, 12

9

10

*Barnett v. Sylacauga Autoplex*,
    973 F.Supp. 1358, 1362 (N.D.Ala.1997) ...........................................15

11

12

*Carranza v. Nordstrom, Inc.*,
    2014 U.S. Dist. LEXIS 172307
    (C.D. Cal. Dec. 12, 2014)...................................................................10

13

14

*Ciolino v. Ryan*,
    2003 U.S. Dist. LEXIS 11639
    (N.D. Cal. July 9, 2003) .....................................................................10

15

16

17

*Crump v. Wal-Mart Grp. Health Plan*,
    925 F. Supp. 1214, 1220
    (W.D. Ky. 1996)..................................................................................15

18

19

*Emrich v. Touche Ross & Co.*,
    846 F.2d 1190 (9th Cir. 1988)............................................................10

20

21

22

*Escalante v. Burlington Nat'l Indem., Ltd.*,
    2014 U.S. Dist. LEXIS 165085
    (C.D. Cal. Nov. 24, 2014) ..................................................................18

23

24

*Farmer v. St. Paul Fire & Marine Ins. Co.*,
    No. 2:05CV161-D-B, 2006 WL 1134238
    (N.D. Miss. Apr. 24, 2006).................................................................15

25

26

27

28

MOTION TO REMAND

*Fristoe v. Reynolds Metals Co.*,
    615 F.2d 1209 (9th Cir. 1980)............................................................13

*Gaus v. Miles, Inc.*,
    980 F.2d 564 (9th Cir. 1992)..............................................................10

*Great Northern Ry. v. Alexander*,
    246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918) .............................12

*Hamilton San Diego Apartments, LP v. RBC Capital Markets, LLC*,
    No. 14-CV-01856 WQH BLM,
    2014 WL 7175598 (S.D. Cal. Dec. 11, 2014).....................................18

*Harris v. Bankers Life and Cas. Co.*,
    425 F.3d 689 (9th Cir. 2005) ...............................................................9

*Hernandez v. Towne Park, Ltd.*,
    2012 U.S. Dist. LEXIS 86975
    (C.D. Cal. June 22, 2012) ...................................................................10

*Hutto v. Finney*,
    437 U.S. 678 (1978) ............................................................................18

*In re Keegan Management Co., Sec. Litig.*,
    78 F.3d 431 (9th Cir. 1996)................................................................18

*Kansas City Suburban Belt Ry. v. Herman*,
    187 U.S. 63 .........................................................................................11

*Lathrop, Shea & Henwood Co. v. Interior Constr. & Improvement Co.*,
    215 U.S. 246 (1909) ......................................................................11, 12

*Lewis v. City of Fresno*,
    627 F.Supp 2d 1179 (E.D. Cal. 2008)................................................13

*Luther v. Countrywide Home Loan Servicing LP*,
    533 F.3d 1031, 1034 (9th Cir. 2008)..................................................10

*Matheson v. Progressive Specialty Ins. Co.*,
    319 F.3d 1089 (9th Cir. 2003)............................................................10

MOTION TO REMAND

*NKD Diversified Enters. v. First Mercury Ins. Co.*,
    2014 U.S. Dist. LEXIS 58785 (E.D. Cal. Apr. 28, 2014)..................18

*New York Life Ins. Co. v. Deshotel*,
    142 F.3d 873, 886 (5th Cir.1998)........................................................17

*Nishimoto v. Federman-Bachrach & Assocs.*,
    903 F.2d 709 (9th Cir. 1990)...............................................................10

*Pennsylvania Employees Benefit Trust Fund v. Astrazeneca Pharm.*,
    No. CIV.A.08-CV-04787-JF, 2008 WL 4891387
    (E.D. Pa. Nov. 13, 2008).....................................................................15

*People of State of Cal. By & Through Lungren v. Keating*,
    986 F.2d 346, 348 (9th Cir. 1993).............................................4, 11, 12

*Perez v. Lancer Ins. Co.*,
    No. C.A. C-06-388, 2006 WL 2850065
    (S.D. Tex. Oct. 4, 2006) ...............................................................15, 17

*Poulos v. Naas Foods, Inc.*,
    959 F.2d 69 (7th Cir. 1992).................................................................11

*Primus Automotive Financial Services, Inc. v. Batarse*,
    115 F.3d 644 (9th Cir.1997)................................................................18

*Richey v. Upjohn Drug Co.*,
    139 F.3d 1313 (9th Cir. 1998).............................................................14

*Self v. Gen. Motors Corp.*,
    588 F.2d 655, 659 (9th Cir. 1978) .................................. 10, 11, 12, 13

*Shamrock Oil & Gas Corp. v. Sheets*,
    313 U.S. 100 (1941) ............................................................................10

*Southern Pac. Co. v. Haight*,
    126 F.2d 900, 903-04 (9th Cir.), cert. denied,
    317 U.S. 676 (1942) ............................................................................11

*Tedford v. Warner-Lambert Co.*,
    327 F.3d 423 (9th Cir. 2003) ..................................................................19

*Weems v. Louis Dreyfus Corp.*,
    380 F.2d 545 (5th Cir. 1967) ..................................................................11

*Wejrowski v. Wyeth*,
    No. 4:06CV292 CDP, 2012 WL 2367388
     (E.D. Mo. June 21, 2012) ....................................................................16

*Young v. Wells Fargo Bank*,
    No. CIV.A. 09-4255, 2009 WL 3255163
    (E.D. La. Oct. 7, 2009) .........................................................................15

*Zumas v. Owens-Corning Fiberglas Corp.*,
    907 F.Supp. 131, 132 (D.Md.1995) .....................................................15

## STATUTES

28 U.S.C. § 1332 ......................................................................................13

28 U.S.C. § 1446(b) .................................................... 12, 13, 14, 15, 17

28 U.S.C. § 1446(c). ........................................ 2, 4, 9, 10, 12, 13, 14, 15, 16

Cal. Code Civ. Proc. § 350 ...........................................................5, 13, 16, 17

Cal. Code Civ. Proc. § 378 .................................................................5, 6, 8, 19

Fed. R. Civ. Proc. 20...........................................................................

MOTION TO REMAND

1

## OTHER SOURCES

2

1A MOORE'S FEDERAL PRACTICE P 0.168(3. 5) (2d ed. 1974)......................11

3

4       14C Charles Alan Wright, Arthur R. Miller
            & Edward H. Cooper, FEDERAL PRACTICE AND
5           PROCEDURE § 3732 (3d ed. & Supp. 2008) .........................................13

6       http://www.courts.ca.gov/documents/cm010.pdf .........................................16

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO REMAND

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Ninth Circuit law regarding removal is clear and unequivocal:

- A case that is not removable at the time of filing (which is undeniably the scenario here) "must remain in state court unless a voluntary act of the plaintiff brings about a change that renders the case removable." *People of State of Cal. By & Through Lungren v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993); and

- A case cannot be removed based on diversity grounds more than a year after it was commenced, unless the plaintiff prevented removal in bad faith (the absence of which was also established by the prior remand). *See* 28 U.S.C. § 1446(c)(1).

BSC completely ignores these black-letter jurisdictional concepts, choosing instead to remove Plaintiff's claims for a second time **more than two years after the case was commenced**.   BSC attempts to use a recent, opposed state-court severance order to legitimize its latest removal.   However, the order of severance was not a "voluntary act" of Plaintiff, but rather, was the result of a hotly contested motion practice between the parties.   Moreover, the order did not require Plaintiff to file a new lawsuit nor did it serve to alter the actual commencement date of Plaintiff's case, July 12, 2013.

Undeterred, BSC removed Plaintiff's claims for a second time without regard for the law in hopes that this claim and those similarly removed will be transferred to the MDL in West Virginia by the JPML before jurisdiction is adjudicated by this Court.   More than two years after Plaintiff's complaint was filed and her action was commenced, BSC is still playing procedural games.   Plaintiff asks that the Court put an end to such gamesmanship by following well-settled Ninth Circuit precedent and immediately remanding Plaintiff's case to state court.

**II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On July 12, 2013, sixty-five women who suffered from pelvic organ prolapse

and/or stress urinary incontinence, and had been vaginally implanted with transvaginal mesh designed, manufactured, tested, marketed, and sold by BSC, joined together under California Code of Civil Procedure section 378 to file suit. *See* Sparks Decl. at ¶ 2; Ex. 1 (Plaintiffs' Original Complaint). Plaintiff's action commenced upon the filing of her original complaint. *See* Cal. Code Civ. Proc. § 350 ("An action is **commenced**…when the complaint is **filed**")(emphasis added).

Plaintiff in this removed action is one of these sixty-five injured women who collectively filed their state court action **more than two years ago**. *Id.* Each of sixty-five women, including Plaintiff, was vaginally implanted with a BSC surgical mesh kit designed, manufactured, tested, marketed, and sold by BSC to treat Plaintiff's underlying pelvic organ prolapse and/or stress urinary incontinence. *Id.* Each of the sixty-five woman brought claims for injuries sustained as a result of the implantation of BSC's transvaginal mesh products. *Id.*

Consistent with the FDA's determination that the "serious complications" associated with the vaginal implantation of BSC's surgical mesh kits are "not rare" and "mesh used in transvaginal mesh repair introduces risks not present in traditional non-mesh surgery," each of the sixty-five women were seriously injured as a result of her implant. *Id.* The liability facts underlying these sixty-five women's claims are nearly identical. *Id.*

BSC's failure to adequately design, test, label, and warn about the dangers and medical complications associated with its surgical mesh products, underpinned by its knowledge that such products should not be vaginally implanted, is common to each of the sixty-five women's claims. *Id.* Moreover, discovery relating to BSC's liability in each of the sixty-five women's cases will be and in fact has been to date, identical. *See id.* Without question, numerous common questions of fact pervade Plaintiffs' claims.

In addition, each of the sixty-five women's injuries and damages involve common questions of law and fact because: (1) each woman suffered from pelvic

MOTION TO REMAND

organ prolapse and/or stress urinary incontinence prior to implantation, (2) each woman was vaginally implanted with BSC's transvaginal mesh, (3) each woman suffered serious complications following implantation, and (4) each woman's injuries and damages were caused by BSC's same conduct. *Id*. The sixty-five women have asserted a right to relief arising out of the same transaction, occurrence, or series of occurrences and which present questions of law or fact common to all of them. *See* California Code of Civil Procedure § 378, subd. (a)(1).

Given the significant legal and factual issues common to each of these women's claims, Plaintiff contends that joinder under both Federal Rule of Civil Procedure 20 and California Code of Civil Procedure § 378 was proper.  Six of the sixty-five women reside in, and are citizens of, California. *See* Ex. 1. Two of the sixty-five women reside in, and are citizens of, Massachusetts and/or Delaware – the states of corporate residence of BSC. *Id.* Since the commencement of Plaintiff's case, diversity of citizenship has been unquestionably lacking, as this Court (and numerous Central District Courts that have adjudicated the jurisdictional issue in the last eighteen months) has held. *See* Sparks Decl. at ¶ 3; Ex. 2 (Remand Orders: *Muller, et al. v. Boston Scientific Corp. et al.*, 2:13-cv-06276 PA (RZ); *Mauck, et al. v. Boston Scientific Corp., et al.,* 2:13-cv-06343 GW (JEM); *Pate, et al. v. Boston Scientific Corp., et al.*, 2:13-cv-06321 BRO (AJW); *Howe, et al. v. Coloplast Corp.*, et al., 2:13-cv-06344  GHK (PLA); *Dekalb, et al. v. C.R. Bard, et al.*, 2:13-cv-06308 DMG (PJW); *Straughn, et al. v. American Medical Systems, Inc., et al.*, 2:14-cv-00468 JGB (SP); *Robinson, et al. v. Johnson & Johnson, et al.*, 2:14-cv-00899 JGB (SP)). Plaintiffs served BSC with their Original Complaint on July 29, 2013. *See* Sparks Decl. at ¶ 5; Ex. 3 (Proof of Service of Summons).

Despite the clear absence of diversity between the parties, BSC removed the case on diversity grounds, contending that Plaintiffs were "fraudulently misjoined" despite the fact that BSC and its counsel knew the "fraudulent misjoinder" doctrine had never been adopted by the Ninth Circuit or this District.  Upon removal, the

case was assigned to the Honorable Beverly O'Connell. Plaintiffs immediately filed a motion to remand and requested expedited consideration. *See* Sparks Decl. at ¶ 5; Ex. 4 (Plaintiffs' Original Motion to Remand).   On October 23, 2013, Judge O'Connell remanded this case because of the clear lack of diversity jurisdiction and the impropriety of the removal. *See* Ex. 2 BSC filed its original answer on November 22, 2013. *See* Sparks Decl. at ¶ 6; Ex. 5 (BSC's Original Answer).

On May 29, 2014, the case was transferred from its original Central Division Los Angeles Superior Court to Central Civil West Complex Courts, where it was coordinated **at the request of BSC** in an ongoing Judicial Counsel Coordinated Proceeding (JCCP 4733 In Re: Transvaginal Mesh Medical Product Cases) before the Honorable William Highberger. *See* Sparks Decl. at ¶ 7; Ex. 6 (BSC's Petition for Coordination).

On May 6, 2015 Judge Highberger issued a case management order (CMO 1) governing all BSC cases where BSC was the only named manufacturer defendant in the case. This case falls within that "Discovery Group One" category and was selected by the Court at the request of BSC and Plaintiffs to be included in substantive discovery efforts for potential selection for the first wave of trials on the merits. *See* Sparks Decl. at ¶ 8; Ex. 7 (JCCP 4733, CMO 1, J. William Highberger, May 6, 2015).   Following the issuance of this Order, Plaintiffs began completing and providing the required Plaintiff Profile Forms (PFFs) to BSC along with copies of all relevant medical records.

On July 30, 2015 both BSC and Plaintiffs provided a status update on the progress of these efforts and supplied the Court with a detailed plan for continued discovery and trial-selection protocol. *See* Sparks Decl. at ¶ 9; Ex. 8 (JCCP 4733, Joint Report for August 5, 2015 Status Conference at pp. 4-11).   In addition, counsel for Plaintiffs and BSC provided detailed presentations to the Court on the science issues related to Plaintiffs cases.   *See* Sparks Decl. at ¶ 10; Ex. 9. (JCCP 4733, Parties Stipulation Regarding Science Day Presentations, December 9, 2014).

Notably, prior to the removal of this case, Plaintiff along with the each of the other Plaintiffs originating from the *Muller, Mauck, Pate*, and *Edgar* cases provided interrogatory responses, PFFs, and medical records to BSC. *See* Sparks Decl. at ¶¶ 15-17.

Despite the extensive time, effort, resources expended by the Plaintiffs and the Court, BSC now wishes to once again revert to its deleterious "fraudulent removal" tactics.  After receive notice of Judge Highberger's ruling in another proceeding which resulted in the judicial severance of plaintiffs' claims, BSC filed a "me too" motion in an attempt change course and once again attempt to derail the efficient prosecution of Plaintiff's claims. *See* Sparks Decl. at ¶ 11; Ex. 10 (Order, J. William Highberger, June 22, 2015).  On August 5, 2015, after briefing by the parties and an oral argument on BSC's motion, Judge Highberger granted BSC's motion to sever. *See* Sparks Decl. at ¶ 12; Ex. 11 (Order, J. William Highberger, August 5, 2015).

Respectfully, Plaintiff contends that the Judge Highberger's ruling was erroneous and contrary to California Code of Civil Procedure section 378. However, due to BSC's untenable argument that the severance of Plaintiffs' claims effectuated "commencement" of sixty-five separate cases in its latest removal papers, it bears mention that even Judge Highberger acknowledged:

> No new filing fee will be charged to Plaintiffs for Defendants as a consequence of this severance process, and no new filing of one-off complaints will be required since that would appear to elevate form over substance to a pointless degree.

Ex. 11 at p.2.  Judge Highberger recognized what BSC ignores – that his severance order did not result in "commencement" of sixty-five new cases, but was simply an administrative reorganization of claims that have been pending for over two years. *Id*.

Now, more than two years after Plaintiff's claim was originally filed, nineteen months after BSC was served and answered, and well after merits-discovery

commenced, BSC has once again improperly removed this action despite the involuntary nature of the state Court's severance and the untimeliness of its removal. Plaintiff's claims, along with the sixty-four other Plaintiffs' claims, should be immediately remanded because: (1) the exclusive basis for removal (Judge Highberger's severance order) was involuntary; thus, the applicable "Voluntary/ Involuntary" rule followed by the Ninth Circuit precludes removal since the basis for federal jurisdiction was not a voluntary act by the Plaintiffs; (2) the removal is untimely pursuant to 28 U.S.C. 1446(c) as the it was filed more than one year after the commencement of this action; and (3) BSC cannot demonstrate based upon the preponderance of the evidence that Plaintiffs acted in bad faith in order to prevent it from removing the action within the one-year time limit.

BSC is well-aware of these entrenched legal precepts. Nonetheless, it ignored them and removed the case in hopes that a delay in adjudicating the jurisdictional issue in this Court will result in the claims being transferred to the MDL in West Virginia before they are remanded. BSC has taken Plaintiff and the Court down this road before. Indeed, the prior removal of this matter, which rested on fraudulent misjoinder (a doctrine not even recognized in the Ninth Circuit), was based on the same objective – transfer to the MDL no matter how baseless the grounds for removal.

BSC has already begun filing its tag-along motions with the JPML seeking transfer of Plaintiff's claims as soon as possible, and BSC will request that this Court delay any adjudication of this remand motion until the JPML rules. Indeed, BSC's counsel has already expressed its intent to do so in its removal papers. As such, the Court should not only remand this case, but should do so on an expedited basis.

## III.   ARGUMENTS

To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.,* 425 F.3d

MOTION TO REMAND

1   689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100,

2   108–09 (1941)). BSC bears the burden of establishing federal jurisdiction. *Abrego*

3   *Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 682 (9th Cir. 2006); *Ciolino v.*

4   *Ryan*, 2003 U.S. Dist. LEXIS 11639 (N.D. Cal. July 9, 2003).

5        "The Ninth Circuit 'strictly construe[s] the removal statute against removal

6   jurisdiction,' and 'federal jurisdiction must be rejected if there is any doubt as to the

7   right of removal in the first instance.'" *Carranza v. Nordstrom, Inc*., 2014 U.S. Dist.

8   LEXIS 172307, *9-10 (C.D. Cal. Dec. 12, 2014 (quoting *Gaus v. Miles, Inc*., 980

9   F.2d 564, 566 (9th Cir. 1992)); *Luther v. Countrywide Home Loan Servicing LP,*

10  533 F.3d 1031, 1034 (9th Cir. 2008).  "The 'strong presumption against removal

11  jurisdiction means that the defendant always has the burden of establishing that

12  removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs*., 903

13  F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich v. Touche Ross & Co*., 846 F.2d 1190,

14  1195 (9th Cir. 1988)). "Doubts as to removability must be resolved in favor of

15  remanding the case to state court." *Matheson v. Progressive Specialty Ins. Co*., 319

16  F.3d 1089, 1090 (9th Cir. 2003); *see also Hernandez v. Towne Park, Ltd*., 2012 U.S.

17  Dist. LEXIS 86975 (C.D. Cal. June 22, 2012).

18       For nearly 40 years, the law in the Ninth Circuit has been well-settled: an

19  action that is not removable as originally filed must remain in state court unless the

20  plaintiff does something voluntarily to change the nature of the case that renders it

21  removable. *Self v. Gen. Motors Corp.,* 588 F.2d 655, 659 (9th Cir. 1978).  Here, the

22  purported diversity of citizenship was created by an "involuntary" order of

23  severance entered by the state Court at the request of BSC and over the objection of

24  Plaintiff. *See* Ex. 12.  An involuntary action such as this cannot provide a valid basis

25  for removal. *Self,* 588 F. 2d at 659.

26       Moreover, BSC's untimely removal was effectuated more than a year after

27  the one-year deadline from commencement of this action. *See* 28 U.S.C. § 1446(c).

28  BSC has not and cannot establish that Plaintiff acted in "bad faith" to deliberately

MOTION TO REMAND

prevent removal – the only way BSC can avoid the one-year limit. *Id.* Consequently, immediate remand is requested.

    **A.**    **The State Court's severance order does not provide a basis for BSC's untimely removal because it does not constitute a "voluntary" action by the Plaintiffs.**

The applicability of the "voluntary/involuntary" rule is well established with respect to removal jurisdiction. *People of State of Cal. By & Through Lungren v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993). "[W]hen an event occurring after the filing of a complaint gives rise to federal jurisdiction, the ability of a defendant to remove is not automatic; instead, removability is governed by the 'voluntary/involuntary rule.'" *Id* (citing *Self*, 588 F. 2d at 657-60).[1] "The rule provides that a suit which, at the time of filing, could not have been brought in federal court **must 'remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable.'**" *Id* (emphasis added).[2]

"It is also settled that a case, […] non-removable on the complaint when commenced, cannot be converted into a removable one by evidence of the defendant or by an order of the court upon any issue tried upon the merits, but that such conversion can only be accomplished by the voluntary amendment of his pleadings by the plaintiff or, where the case is not removable because of joinder of defendants, by the voluntary dismissal or nonsuit by him of a party or of parties defendant." *Self*, 588 F.2d at 659 (citing *Kansas City*, 187 U.S. at 63; *Alabama Great Southern Ry.*

---

[1] *See also Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 71-72 (7th Cir. 1992)(discussing the voluntary/involuntary rule as it applies to diversity jurisdiction).

[2] *See also American Car & Foundry Co. v. Kettelhake*, 236 U.S. 311, 314-16 (1915); *Lathrop, Shea & Henwood Co. v. Interior Constr. & Improvement Co.,* 215 U.S. 246 (1909); *Kansas City Suburban Belt Ry. v. Herman*, 187 U.S. 63, 69-70 (1902); *Southern Pac. Co. v. Haight*, 126 F.2d 900, 903-04 (9th Cir.), cert. denied, 317 U.S. 67 (1942); *Weems v. Louis Dreyfus Corp.,* 380 F.2d 545, 547 (5th Cir. 1967); 1A MOORE'S FEDERAL PRACTICE P 0.168(3. 5), at 487 (2d ed. 1974).

*Co. v. Thompson*, 200 U.S. 206; *Lathrop*, 215 U.S. at 246; *American Car & Foundry Co.*, 236 U.S. at 311).  As the Supreme Court explained:

> The obvious principle of [the decisions developing the voluntary/ involuntary rule] is that, in the absence of a fraudulent purpose to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case ... and that this power to determine the removability of his case continues with the plaintiff throughout the litigation, so that whether such a case non-removable when commenced shall afterwards become removable depends not upon what the defendant may allege or prove or what the court may, after hearing upon the merits, *in invitum,* order, but solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion.

*People of State of Cal. By & Through Lungren*, 986 F.2d 346 at 348 (citing *Self*, 588 F.2d at 657-60) (quoting *Great Northern Ry. v. Alexander,* 246 U.S. 276, 282, (1918), *quoted in Self,* 588 F.2d at 659).  Simply put, a court order that is adverse to and contested by the plaintiff cannot create a basis for removal. *Self*, 588 F.2d at 658.

Here, BSC's exclusive basis for removal arose as a consequence of the opposed severance order issued by the state court below, and not by any voluntary action of the Plaintiff.   "Since a voluntary act by the plaintiff has not rendered the case removable, **it must remain in state court**." *People of State of Cal. By & Through Lungren*, 986 F.2d at 348 (emphasis added).  BSC does not address the voluntary/involuntary rule in its removal papers, which is not surprising given the absence of any justification to avoid its fatal effect.   Consequently, the Court should once again remand this case to state court where it belongs.

## B.    BSC's removal is untimely pursuant to 28 U.S.C § 1446(c)

BSC's removal is untimely under 28 U.S.C. section 1446.  Section 1446(b) provides that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is

MOTION TO REMAND

one which is or has become removable." 28 U.S.C. § 1446(b)(3).  However, "[a] case **may not be removed** under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 (diversity jurisdiction – the sole basis of removal here) **more than 1 year after commencement of the action**, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1) (emphasis added).[3]

The "statutory time limit for removal petitions is mandatory [...] the time limits cannot be extended by continuance or stipulation." *Lewis v. City of Fresno*, 627 F.Supp 2d 1179, 1182 (E.D. Cal. 2008) (citing *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980); 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3732 (3d ed. & Supp. 2008) ("the decided cases make it clear that these statutory periods will not be extended by the district court continuances, demurrers, motions to set aside service of process, pleas in abatement, stipulations, or various other court orders.").

Plaintiff's action was commenced upon the filing of her original petition on July 12, 2013. *See* Cal. Code Civ. Proc. § 350 ("An action is **commenced**…when the complaint is **filed**")(emphasis added).  As such, it has been over two years since Plaintiff's claims were commenced.  Thus, even if the voluntary/involuntary rule did not apply (which it does) the removal is still untimely under the plain language of Section 1446(c). BSC cites no controlling or persuasive authority to support its proposition the involuntary severance supersedes the original commencement. Instead, BSC refers the Court to a list of cases that address the separateness of actions created by an involuntary severance and then self-servingly injects the word "new" into its summation without any controlling legal authority in support.

/ / /

/ / /

---

[3] BSC's singular basis for removal is diversity under 28 U.S.C. § 1332.

**C.   BSC attempt to circumvent 28 U.S.C. 1446(c) should be rejected**

Faced with the reality that its removal is untimely, BSC has no choice but to advance untenable theories in an attempt to remain in federal court.  Each of BSCs should be rejected in favor of immediate remand.

*1.   BSC's contention that 1446(c) is inapplicable is baseless.*

BSC argument that the one-year time limit in 1446(c) does not apply here based upon the flawed argument that Plaintiff's individual claim against BSC has always been removable based on complete diversity and is therefore removable under 1446(b)(1). This contention ignores the fact that this case was previously remanded when Defendants' fraudulent misjoinder argument was rejected. *See* Ex. 2.  As such, the complaint, when originally filed, was **not** removable. There is no new complaint, nor did the involuntary severance order upon which BSC relies require Plaintiff to commence a new action by refiling. *See* Ex. 11.  Thus, it is beyond dispute that the one-year time limit in 1446(c)(1) applies.

Moreover, BSC relies on the highly distinguishable case issued under a prior version of the statute that actually proves Plaintiff's point – *Richey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998).  In *Richey*, the defendant removed the case based on fraudulent joinder, and the district court refused to remand it, ruling that the joinder was in fact fraudulent because there was no viable cause of action against the removing defendants due to the statute of limitations. *See id*. at 1318. Contrarily, in this case, the district court expressly rejected Defendants' fraudulent misjoinder argument and remanded the case back to state court, proving that the action was not removable when filed. *See* Ex. 2.  Consequently, the Court should remand this case.

/ / /
/ / /

2.    *BSC's contention that Plaintiff's claim "commenced" when the severance order was issued instead of when the case was filed has no basis in law or fact.*

BSC then argues that even if the one-year deadline does apply, a new action was commenced when Judge Highberger severed her claims from the other sixty-four Plaintiffs.  Not surprisingly, BSC fails to cite a single, controlling case to support its proposition that a plaintiff whose claims have been on file for more than two years are somehow re-commenced for the purposes of Section 1446(c)(1) following a severance order. Instead, BSC cites three distinguishable, unpublished opinions from the Northern District of Mississippi, Eastern District of Louisiana, and Eastern District of Pennsylvania, and an unpersuasive, single sentence reference from the Western District of Kentucky which is devoid of any meaningful analysis.[4]

BSC's argument that the severance order "commenced" a new action is unpersuasive.  "Courts have noted that a key question in applying the one-year time limit is determining 'when an action commenced for the purposes of § 1446(b).'" *Perez v. Lancer Ins. Co.,* No. C.A. C-06-388, 2006 WL 2850065, at *3-4 (S.D. Tex. Oct. 4, 2006)(quoting *Zumas v. Owens-Corning Fiberglas Corp.,* 907 F.Supp. 131, 132 (D.Md.1995); *see also Barnett v. Sylacauga Autoplex,* 973 F.Supp. 1358, 1362 (N.D.Ala.1997)). "Courts look 'to the law of the state in which the state court action originated to determine when an action 'commences.'" *Id.* (internal citations

---

[4] *See* Doc. No. 1 at pp. 14-15 (citing *Farmer v. St. Paul Fire & Marine Ins. Co.*, No. 2:05CV161-D-B, 2006 WL 1134238 (N.D. Miss. Apr. 24, 2006)(rejected by *Perez v. Lancer Ins. Co.*, No. C.A. C-06-388, 2006 WL 2850065 (S.D. Tex. Oct. 4, 2006)); *Crump v. Wal-Mart Grp. Health Plan*, 925 F. Supp. 1214, 1220 (W.D. Ky. 1996)(rejected by *Perez*, 2006 WL 2850065); *Young v. Wells Fargo Bank*, No. CIV.A. 09-4255, 2009 WL 3255163 (E.D. La. Oct. 7, 2009)(finding that a new action commenced *only* following a severance order that **specifically required refiling of new complaints**); *Pennsylvania Employees Benefit Trust Fund v. Astrazeneca Pharm., L.P.*, No. CIV.A.08-CV-04787-JF, 2008 WL 4891387 (E.D. Pa. Nov. 13, 2008) (holding that an action commenced following severance order that **specifically required refiling of new complaints**).

MOTION TO REMAND

omitted).

Under California law, Plaintiff's action was commenced upon the filing of her original petition on **July 12, 2013**. *See* Cal. Code Civ. Proc. § 350.  In fact, Judge Percy Anderson specifically noted this in his recent remand orders on five transvaginal mesh cases that were fraudulently removed under similar circumstances. *See* Sparks Decl. at ¶ 13; Ex. 12 (Remand Orders in *Buchanan v. Johnson & Johnson, et al.*, 2:15-cv-05315-PA (AGR); *Carmona v. Johnson & Johnson, et al.*, 2:15-cv-05317-PA (E); *Orsi v. Johnson & Johnson, et al.*, 2:15-cv-05371-PA (GJS); *Robinson v. Johnson & Johnson, et al.*, 2:15-cv-05382-PA (FFM); *Skelton v. Johnson & Johnson, et al.*, 2:15-cv-05385-PA (E)("the filing date of the Complaint … is the "commencement date" for purposes of § 1446(c)(1)(citing *Wejrowski v. Wyeth*, No. 4:06CV292 CDP, 2012 WL 2367388, at *3 (E.D. Mo. June 21, 2012) ("But even though the plaintiffs' second amended complaint will proceed as an independent claim from the point it was severed, it was still part of the original case filed on July 7, 2004, and the state court recognized that it was commenced then. Defendant's opportunity to remove was limited to one year from that original commencement date, and the intervening removal, remand, and severance have no effect on the one-year time limit.")). Judge Highberger likewise recognized this concept in his severance order when he ruled:

> No new filing fee will be charged to Plaintiffs for Defendants as a consequence of this severance process, and no new filing of one-off complaints will be required since that would appear to elevate form over substance to a pointless degree.

Ex. 11 at p.2.[5]

---

[5] It is telling that not only were there no new filing fees assessed, Plaintiffs were also not required to a file a new civil case cover sheet that must be filed 'with the first paper filed in the action…"http://www.courts.ca.gov/documents/cm010.pdf.  Of course, that is because nothing was voluntarily "commenced" in state court at all; *see also* Sparks Decl.

MOTION TO REMAND

"An order of severance, even if it creates a new caption and cause number, is not a "petition" that "commences" an action within the plain meaning of Cal. Code Civ. Proc. § 350. Therefore, the order of severance does not restart the one-year removal time limit of § 1446(b). *See Perez,* 2006 WL 2850065 at *3. "This interpretation of the word "commenced" is also more consistent with policies behind § 1446(b) than Lancer's interpretation." *Id.* "Congress enacted the one-year time limit to 'address[ ] problems that arise from a change of parties as an action progresses toward trial in state court, such as when the elimination of parties may create for the first time a party alignment that supports diversity jurisdiction." *Id.* (quoting *New York Life Ins. Co. v. Deshotel,* 142 F.3d 873, 886 (5th Cir.1998) (citing H.R.Rep. No. 100-889 (1988)). "Congress found that '[r]emoval late in the proceedings may result in substantial delay and disruption' of a case, and enacted the one-year limit as 'a means of reducing the opportunity for removal after substantial progress has been made in state court.'" *Id.*

Here, permitting BSC to fraudulently remove this case now, after these same parties have been proceeding in state court for over two years, will no doubt cause the kind of "substantial delay and disruption" that Congress sought to remedy in enacting the § 1446(b) time limitation. *See Id.* Finally, refusing to treat the severance order as the "commencement" of a new action is supported by well-settled rule that any ambiguities in the propriety of a removal must be "construed *against* removal because the removal statute should be strictly construed in favor of remand." *Id.* Consequently, BSC's attempt to elevate form over substance should be rejected.

> 3.   *There is no evidence that Plaintiff acted in bad faith to prevent removal; in fact, all relevant evidence proves the opposite.*

In its last-ditch effort, BSC asserts that Plaintiff acted in bad faith to prevent removal. Proving bad faith is a tall order in the Ninth Circuit. Indeed, while there is no bright-line test with respect to the "bad faith" standard that a removing

Defendants must establish to circumvent the strict one-year deadline for removal, numerous courts in this Circuit have identified it is a "**high threshold**". *Hamilton San Diego Apartments, LP v. RBC Capital Markets, LLC*, No. 14-CV-01856 WQH BLM, 2014 WL 7175598, at *3 (S.D. Cal. Dec. 11, 2014) (quoting *Primus Automotive Financial Services, Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997); *see also NKD Diversified Enters. v. First Mercury Ins. Co*., 2014 U.S. Dist. LEXIS 58785, *10 (E.D. Cal. Apr. 28, 2014) ("the requirement that a party acts in bad faith sets a high threshold.").[6]  In November of 2014, the Central District of California reaffirmed that the "bad faith" exception mandates that the removing defendant meet a "high threshold." *Escalante v. Burlington Nat'l Indem*., Ltd., 2014 U.S. Dist. LEXIS 165085, *6-7 (C.D. Cal. Nov. 24, 2014) (the "bad faith" exception **"carries with it a high threshold and entails actions tantamount to recklessly raising a frivolous argument or disrupting and hindering court proceedings**.") (emphasis added); *Primus Auto. Fin. Servs., Inc.,* 115 F.3d at 649 (9th Cir. 1997); *Hutto*, 437 U.S. at 689; *see also* Sparks Decl., Ex. 12.

Here, BSC fails to meet this "high threshold".  Instead, BSC ignores the prior removal and remand of this case, its own efforts to coordinate this matter with other similar cases pending in state court, and the extensive efforts expended by the parties in this action to move this case towards trial in state court and simply rehashes the previous fraudulent misjoinder argument which has already been

---

[6] Although it is not Plaintiff's burden to illustrate the complete absence of "bad faith" here, the Court of Appeals for the Ninth Circuit has identified two examples of bad faith, which exhibit zero commonality with the instant action: (1) where a defendant demonstrates that plaintiffs knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent or (2) where a defendant demonstrates that plaintiffs purposefully delayed or disrupted the litigation or hampered enforcement of a court order. *See e.g. In re Keegan Management Co., Sec. Litig.,* 78 F.3d 431, 436 (9th Cir. 1996); *Hutto v. Finney,* 437 U.S. 678, 689 n. 14 (1978).

1  rejected once before in this case.

2      BSC's contention that Plaintiff acted in bad faith to prevent removal through
3  misjoinder should once again be rejected by this Court just like every single other
4  Central District Judge who adjudicated a motion to remand filed by Plaintiff's
5  counsel on the issue. *See* Ex. 2; *see also* Ex. 12.  Simply put, BSC has absolutely no
6  basis to claim a pattern of misjoinder when so many qualified federal judges have
7  held the exact opposite. *Id.*  Nor should BSC complain of misjoinder in this court
8  when, after years of litigation in state court, it never bothered to file a demurrer for
9  misjoinder and have it heard there—the proper venue for such a complaint.  *Id.*

10     Inexplicably, BSC relies on the familiar *Tedford v. Warner-Lambert Co.*
11 decision from the Fifth Circuit to support its "pattern and practice of misjoinder"
12 argument.  But, *Tedford* involved a fact pattern in which the plaintiff amended the
13 petition to add a non-diverse *defendant* when it learned the case was about to be
14 removed, held onto the *defendant* until the one-year deadline passed, and then non-
15 suited the *defendant. Tedford*, 327 F.3d at 428-29.

16     Here, Plaintiffs joined together under Code of Civil Procedure section 378,
17 and BSC (like Ethicon, AMS, Coloplast, and Bard – all of whom faced similarly
18 plead complaints) failed in its efforts to prove fraudulent misjoinder. *See* Ex. 2.
19 BSC's failure in this regard stemmed in large part from its own admissions made
20 when attempting to establish the MDL in which it conceded that these cases "share
21 common questions of law and fact". *See* Sparks Decl. at ¶ 14; Ex. 13 (BSC's
22 Response in Opposition to Plaintiffs' Motion to Vacate CTO-72 (Doc. #628 in MDL
23 2326)). Further, these concessions were echoed in BSC's efforts to coordinate this
24 matter in the state court JCCP. *See* Ex. 5.  Consequently, BSC's allegations of
25 abusive misjoinder wilt in the face of the Central District orders (including those
26 just issued by this Court) holding otherwise. *See* Ex. 2.

27 / / /

28 / / /

MOTION TO REMAND

**IV.   CONCLUSION**

Plaintiff respectfully requests that this Court remand this case to the Court from which it was removed on an expedited basis. Plaintiff further requests all other relief to which she is entitled, whether in law or in equity.

DATED: September 10, 2015      Respectfully submitted,

By:   */s/ Mark Sparks*
_____
**THE MOSTYN LAW FIRM**
J. Steve Mostyn
Mark Sparks

**KIESEL LAW LLP**
Paul R. Kiesel
Helen Zukin
Melanie Palmer

**ARNOLD & ITKIN, LLP**
Kurt B. Arnold
Jason A. Itkin
Noah M. Wexler
Caj D. Boatright

***Attorneys for Plaintiff***

20

## **PROOF OF SERVICE**

I, the undersigned, declare that: I am over the age of 18, employed in the State of Texas and not a party to the within action.  My business address is 6280 Delaware, Beaumont, Texas 77706.

On September 10, 2015 I served a copy of the foregoing document described as **PLAINTIFF'S MOTION FOR RECONSIDERATION of ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO STAY** on all interested parties in this action as follows:

X____ **ELECTRONICALLY VIA ECF:** the above entitled document to be served electronically through the United States District Court, Central District of California, Western Division ECF website, addressed to all parties appearing on the Court's ECF service list.  The file transmission was reported as complete and a copy of the "Filing Receipt" page will be maintained with the original document in our office.

X____ **FEDERAL**: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 10, 2015, at Beaumont, Texas.


*/s/ Mark Sparks*_____
Mark Sparks